United States District Court
Southern District of Texas
**ENTERED**
August 31, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ANKIT KUMAR,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01470** |
| | § | |
| **WARDEN, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Pending before the Court is Petitioner Ankit Kumar's ("Petitioner") Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

For the following reasons, Petitioner's Verified Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Motion to Dismiss Petitioner's Writ of Habeas Corpus, (Dkt. 6), is **DENIED**.

## Background

Petitioner is a noncitizen from India who has resided in the United States over two years. (*See* Dkt. 1 at 5–6.) Petitioner was initially apprehended by ICE in February of 2024 and served with a Notice to Appear before he was released on his own recognizance into the United States. (*Id.*) Years later, in May of 2026, Petitioner was apprehended by immigration authorities at a traffic stop in Oklahoma and taken into custody. (*Id.* at 6.) He was later transferred to the Rio Grande

Detention Center in Laredo, Texas where he remains detained during his ongoing removal proceedings. (*Id.*)

In May of 2026, Petitioner filed a Petition for Writ of Habeas Corpus in the Western District of Oklahoma before his transfer to Laredo, Texas. (*Id.* at 3; Dkt. 6 at 2); *see also Kumar v. Gantt*, No. CIV-26-01106-JD, Dkt. 1 (W.D. Okla. July 17, 2026). Petitioner argued that his detention is unlawful for "two independent reasons": "First, as a matter of statutory authority, his detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A) . . . Second, even apart from the statutory violation, continued civil detention without meaningful individualized custody review violates due process." (Dkt. 6, Attach. 1 at 9)[1]; *see also Kumar v. Gantt*, No. CIV-26-01106-JD, Dkt. 1 (W.D. Okla. July 17, 2026). On July 17, 2026, United States District Judge Jodi W. Dishman granted in part Petitioner's petition on the statutory claim, declining to reach the merits of Petitioner's remaining constitutional claim, and ordered that Respondents provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). (Dkt. 1 at 3, Attach. 1 at 25–27); *see also Kumar v. Gantt*, No. CIV-26-01106-JD (W.D. Okla. July 17, 2026). Thereafter, Petitioner was provided with a bond hearing on July 22, 2026, where the Immigration Judge (IJ) denied bond. (Dkt. 1 at 3, Attach. 1 at 21.)

The Court notes that on February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) ("*Buenrostro-Mendez*"). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508. Subsequently, on July 2, 2026, the Fifth Circuit issued a decision in *Sosnava Rodriguez v. Ortega*, 2026 WL 1906557 (5th Cir. July 2, 2026) ("*Sosnava Rodriguez*"), holding that noncitizens detained under 8 U.S.C. § 1225(b)(2)(A) may not be detained for longer than ninety days without a bond hearing based on constitutional concerns. On July 10, 2026, the Fifth Circuit issued an *en banc* rehearing order on its own motion. *Sosnava Rodriguez v. Ortega*, 2026 WL 2014647 (5th Cir. July 10, 2026). The Fifth Circuit also vacated the July 2, 2026 ruling in *Sosnava Rodriguez*. *Id*. At this time, therefore, *Sosnava Rodriguez* is pending a ruling by the Fifth Circuit sitting *en banc*.[2]

[2] On July 21, 2026, the Fifth Circuit issued a stay of the three individual district court judgments in *Sosnava Rodriguez* pending rehearing *en banc*. 2026 WL 2104747, at *1 (5th Cir. July 21, 2026). The Supreme Court has recognized that an interim order granting a stay is "not conclusive as to the merits" and may "inform how a court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025); *see also Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J., concurring) ("[t]he stay order is not a ruling on the merits, but instead simply stays the District Court's injunction pending a ruling on the merits."); *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 675 n.9 (5th Cir. 2023) (A stay does not "spawn binding legal consequences regarding the merits of [a] case." (quoting *Democratic Exec. Comm. of Fla. v. Nat'l Republican Senatorial Comm.*, 950 F.3d 790, 795 (11th Cir. 2020))). The Fifth Circuit's stay in *Sosnava Rodriguez* was issued without analysis. Accordingly, reading into the Fifth Circuit's stay "is an inherently speculative endeavor." *See Sagastizado v. Noem*, 802 F. Supp. 3d 992, 1013 (S.D. Tex. 2025). Without clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed. *See, e.g., Camacho v. Dep't Homeland Security*, 2026 WL 2137156, at *2–3 (W.D. Tex. July 24, 2026); *Guerra Estrada v. Ybarra*, 2026 WL 2168090, at *1–2 (W.D. Tex. July 28, 2026); *Perozo-Mata v. Blanche*, 2026 WL 2195373, at *3 (S.D. Tex. July 27, 2026); *Rodriguez v. Blanche*, 2026 WL 2221493, at *14 (W.D. Tex. Aug. 3, 2026); *Tiquiram-Us v. Dilley Immigr. Processing Ctr.*, 2026 WL 2242499, at *1 (W.D. Tex. July 31, 2026).

Petitioner filed a second Petition for Writ of Habeas Corpus on August 19, 2026. (Dkt. 1.) Petitioner argues he is being unlawfully detained subject to mandatory detention under 8 U.S.C. § 1225(b) in violation of the Fifth Amendment Due Process Clause and the Administrative Procedure Act. (*Id.* at 16–20.) He asks the Court to order his immediate release. (*Id*. at 21.) The Court ordered Respondents to respond to Petitioner's petition on or before August 26, 2026. (Dkt. 4.) Respondents filed a timely response and Motion to Dismiss arguing that the Petition should be dismissed under 28 U.S.C. § 2244(a) and the abuse of the writ doctrine. (Dkt. 6.) Petitioner filed a reply to Respondents' response, arguing that the Court should not dismiss the instant Petition because no court has addressed Petitioner's constitutional claims. (Dkt. 7.)

**Discussion**

In the instant petition, Petitioner claims that his detention without procedural safeguards violates the Due Process Clause of the Fifth Amendment. (Dkt. 1 at 16–19; Dkt. 7 at 2.) Respondents first assert that the Court lacks jurisdiction to review the IJ's decision to deny Petitioner bond. (Dkt. 6 at 3.) Additionally, Respondents argue that the Petition should be dismissed as an abuse of writ because the petition raises the same claims as his previous petition. (*Id.* at 3–4.) The Court addresses each argument in turn.

First, Petitioner is not asking the Court to review the IJ's discretionary decision to deny bond and therefore the Court will not dismiss the Petition for lack of subject matter jurisdiction. Instead, Petitioner raises an as-applied due process challenge to his detention under 8 U.S.C. § 1225(b)(2) without an individualized determination of the need for detention at the outset of his detention, as someone who has lived in the United States for two years prior to his re-detention by ICE. (*See* Dkt. 1 at 17–19.) Thus, the Court has jurisdiction to review the constitutional issue

presented by Petitioner's detention.[3] *See Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished) ("Section 1226(e) may strip us of jurisdiction to review judgments designated as discretionary under the pertinent language of the statute, but it does not deprive us of all authority to review statutory and constitutional challenges. We retain jurisdiction to review [Petitioner's] detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *see also Maldonado v. Macias*, 150 F. Supp. 3d 788, 794 (W.D. Tex. 2015) ("[E]ven after the passage of the REAL ID Act, district courts retain the power to hear statutory and constitutional challenges to civil immigration detention under § 2241 when those claims do not challenge a final order of removal, but instead challenge the detention itself.").

Second, Petitioner's prior petition does not preclude the Court's consideration of his Due Process Clause claim in the current petition before the Court. Respondents argue Petitioner's petition should be dismissed as an "abuse of the writ." (Dkt. 6 at 4) (citing *Beras v. Johnson*, 978 F.3d 246, 253 (5th Cir. 2020)). However, the Supreme Court has recognized that "[t]he federal writ of habeas corpus overrides all these considerations, essential as they are to the rule of law, when a petitioner raises a meritorious constitutional claim in a proper manner in a habeas petition" and that "federal courts must reach the merits of an abusive petition if 'the ends of justice demand.'" *McCleskey v. Zant*, 499 U.S. 467, 483, 492–93 (1991). In this case, the prior decision to grant Petitioner's first petition in part rested on statutory interpretation rather than adjudicating

[3] Respondents also assert that Petitioner failed to appeal the IJ's decision to deny bond to the BIA. (Dkt. 6 at 3.) However, as the Court has established, Petitioner is not challenging the IJ's discretionary decision to deny bond but is challenging the constitutionality of his detention and there is no exhaustion requirement when challenging detention procedures on constitutional grounds. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025).

Petitioner's due process claim, and therefore no prior decision by any other court has decided Petitioner's claim that his current detention violates his rights under the Due Process Clause of the Fifth Amendment. Thus, where Petitioner's current Petition presents a meritorious constitutional claim that has not previously been adjudicated, the Court declines to dismiss Petitioner's current petition as an abuse of the writ.

Finding that the Court has jurisdiction to review the petition, the Court now considers Petitioner's constitutional challenge to his detention. Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 821 F. Supp. 3d 782 (S.D. Tex. 2026) and *Strunin v. Garcia*, 827 F. Supp. 3d 976 (S.D. Tex. 2026), in which the Court determined that the petitioners' detention by ICE violated their rights under the Due Process Clause. Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue.

In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 806 F. Supp. 3d 690, 700–02 (W.D. Tex. 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp.

3d 668, 685–88 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Ceballos v. Garite*, 2026 WL 446509, at *2 n.2 (W.D. Tex. Feb. 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, at *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 810 F. Supp. 3d 101, 106–07 (D. Mass. 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 821 F. Supp. 3d 727, 729 (W.D. Tex. 2026). Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Verified Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Motion to Dismiss Petitioner's Writ of Habeas Corpus, (Dkt. 6), is **DENIED**.

1. Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2. Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3. Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4. If Petitioner is redetained under 8 U.S.C. § 1225(b), all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

IT IS SO ORDERED.

SIGNED this August 31, 2026.

Diana Saldaña
United States District Judge